UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW R. PERRONG**<br>1657 The Fairway #131 Jenkintown, PA 19046<br><br>**Plaintiff,**<br>vs.<br><br>**WILLIAM NOVICK AGENCY, LLC. ("WNA")**<br>1812 Brownsville Rd.<br>Feasterville Trevose, PA 19053,<br><br>**WILLIAM NOVICK, Individually and as**<br>**CEO / President / Principal of WNA,**<br><br>**THE ALLSTATE CORPORATION**<br>**1209 ORANGE ST**<br>**WILMINGTON, DE 19801,**<br><br>**ALLSTATE INSURANCE COMPANY**<br>**3100 SANDERS RD**<br>**NORTHBROOK, IL 60062,**<br><br>and<br>**DOES 1 through 100, inclusive,**<br><br>**Defendants.** | **Civil Action**<br>**No.**_____<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Jury Trial Demanded** |

Plaintiff ANDREW R. PERRONG brings this action for damages, restitution, reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64 ("Federal Question" Jurisdiction) for the *ultra vires* illegal actions and deliberate and knowing tortious activity of WILLIAM NOVICK AGENCY, LLC. ("COMPANY"), WILLIAM NOVICK, Individually and as Chief Executive Officer of WILLIAM NOVICK AGENCY, LLC. ("NOVICK"), THE ALLSTATE CORPORATION & ALLSTATE INSURANCE COMPANY

1

("ALLSTATE"), and Does 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system ("RoboCalls") with call abandonment, and other claims, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq,* and related claims that form part of the same claim or controversy and/or under 28 U.S.C. § 1367(a) ("Supplemental" Jurisdiction). Plaintiff demands a trial by jury, and complains and alleges as follows:

## I.     Introduction

1. Defendant WILLIAM NOVICK AGENCY, LLC. ("Company") is a corporation incorporated in the State of Pennsylvania that markets and sells, *inter alia,* Allstate insurance to individuals throughout the greater Montgomery County area. Its principal mailing address is located at 1812 Brownsville Rd., Feasterville Trevose, PA 19053.

2. Plaintiff brings this action to challenge the Company's practices in the telephone solicitation of its products and services. Specifically, Plaintiff challenges Company's and Company's agents' illegal telephone solicitations by which it markets its products and services, illegal RoboCalls, illegal call abandonment, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3. All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern.

## II.     Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County, which lies within this judicial district,


pursuant to 28 U.S.C. §118. Plaintiff received the phone calls to a 215-area code number, registered in this judicial district. Each of the Defendants has sufficient minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received."

### III.    Parties

6. Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the alleged phone calls on his private telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

7. Defendant WILLIAM NOVICK AGENCY, LLC. ("Company") is a corporation incorporated in the State of Pennsylvania that markets and sells, *inter alia,* Allstate insurance to individuals throughout the greater Montgomery County area. Its principal mailing address is located at 1812 Brownsville Rd., Feasterville Trevose, PA 19053. Company has been in existence for a number of years and transacts business in, *inter alia*, Montgomery County, Pennsylvania, which lies within this Judicial District.

8. Defendant WILLIAM NOVICK ("NOVICK") is an adult individual who is the President / CEO / Principal of Company, and upon information and belief is the Company's Primary Owner. NOVICK is an adult individual and citizen of the United States. As Chief Executive Officer of Company, NOVICK is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Company's

name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, and nationwide.

9.  Defendant THE ALLSTATE CORPORATION, a Delaware Corporation, is the holding corporation for multiple ALLSTATE corporations, including ALLSTATE INSURANCE COMPANY, an Illinois Corporation, the primary corporation with which WILLIAM NOVICK AGENCY, LLC ("Company") transacts business and, upon information and belief, is an agent and franchisor. Collectively, both THE ALLSTATE CORPORATION and ALLSTATE INSURANCE COMPANY are referred to as ("ALLSTATE") in the complaint. ALLSTATE reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, Delaware, Illinois, and nationwide. Defendant ALLSTATE is vicariously liable for actions of Company under the Apparent Authority and Ratification theories of vicarious liability.

10. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

11. At all times herein mentioned, Company, NOVICK, the ALLSTATE defendants, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

12. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

13. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

### IV.    Factual Allegations

14. In or about July 1st, 2017, Plaintiff received the first of multiple "robocall" solicitations by Defendants and/or their agents at Plaintiff's personal telephone, 215-634-7722. Plaintiff had not consented to this solicitation.

15. The unsolicited telephone call was placed to Plaintiff's personal telephone number and utilized an "automatic telephone dialing system" or "robocall," to transmit a message, as prohibited by 47 U.S.C. § 227(b)(1)(B).

16. The call came from the Caller ID name "ALLSTATE INS" and Caller ID number 215-800-0317.

17. Plaintiff pays a fixed amount of money per minute for each incoming and outgoing call on his telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

18. Plaintiff's telephone number was on the Federal Do-Not-Call registry for over thirty-one (31) days prior to this illegal unsolicited phone call, per FTC and FCC rules.

5

19. The "Robocall" was answered by Plaintiff on July 1, 2017, however, nobody was on the line. Such behavior is characteristic of automatic or predictive dialers as they, either due to technical/programming errors, or due to no agent being available to answer the call, simply disconnect the call.

20. Such an action by automatic "robodialers" is termed as "call abandonment" and is highly illegal. 47 CFR 64.1200(a)(7) states that it is illegal to "Abandon more than three percent of all telemarketing calls that are answered live by a person" and states that "A call is "abandoned" if it is not connected to a live sales representative within two (2) seconds of the called person's completed greeting." In such a case, 47 CFR 64.1200(a)(7)(i)(A) indicates that abandoned calls must provide, among other requirements, "A prerecorded identification and opt-out message that is limited to disclosing that the call was for "telemarketing purposes" and states the name of the business, entity, or individual on whose behalf the call was placed."

21. The call on July 1st did not contain any of the information required under 47 CFR 64.1200(a)(7)(i)(A), and was simply "abandoned" and terminated in silence and a line disconnect.

22. After the July 1 call, Plaintiff received another call on August 2, this time from the caller ID name "ALLSTATE INS: W" and Caller ID number "215-437-0836," Company's main office number. This call, like the previous, was answered by Plaintiff, but was also "abandoned" and was, because of such abandonment, made using a "robodialer."

23. Subsequent to the August 2nd call, Plaintiff received another call on August 10th, with identitcal caller ID, and abandonment as the August 2nd call.

24. Finally, on September 12, plaintiff received another call, with the same caller ID as

6

the calls on August 2 and 10. Plaintiff answered this call as well, and, after a delay of three (3) seconds, a characteristic feature of automatic dialers, which take time to determine that the call has been answered and route the call to a live operator, was greeted with someone on the line saying "Hello. Sue?," to which Plaintiff responded, "Sorry, you must have the wrong number but…," at which point the call disconnected. Plaintiff was unable to take additional steps to ascertain the identity of the caller or request to be placed on Company's do-not-call list or receive a copy of Company's do-not-call policy, a constructive refusal of various portions of requirements under both the Telemarketing Sales Rule and under 47 CFR 64.1200.

25. On September 13, Plaintiff contacted Company to be placed on their do-not-call list and receive a copy of their do-not-call policy. Plaintiff was assured that his number was placed on the internal do-not-call list, and would be faxed a copy of Company's do-not-call policy, but never received anything, and as of the filing of this complaint, remains to receive confirmation that his number was placed on Company's internal do-not-call list or receive a copy of Company's do-not-call policy. Plaintiff must therefore conclude that such requests were constructively refused.

26. ALLSTATE is vicariously liable for the calls under the apparent authority standard of vicarious liability as ALLSTATE grants Company (1) access to information and systems, (2) the ability of Company to enter consumer information into shared databases, (3) the right to market ALLSTATE's products and services under the ALLSTATE brand name, and (4) the authority to use the ALLSTATE name and logo in their advertising, promotions, illegal telemarketing, and Caller ID name. ALLSTATE is also vicariously liable under the ratification standard of vicarious liability, as ALLSTATE ratified and acquiesced to the activity of Company in making the calls and gave permission to use the ALLSTATE brand name in the calls and Caller ID name.

27. Plaintiff received the call on his private telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

28. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

29. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal telephone that utilized an "automatic telephone dialing system" to transmit a message or make calls. Plaintiff had not consented to be contacted by Company. Even if company were mistaken in thinking that they were calling someone else named "Sue," the calls are still illegal because, according to a 2015 FCC Declaratory Ruling, CG Docket 15-72, "the TCPA requires the consent not of the intended recipient of a call, but of the current subscriber."

30. The telephone Sales Calls therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 CFR 64.1200(a)(7), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR § 64.1200(a)(1)(iii), and 47 C.F.R. 64.1200(c)(2).

## V. Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

31. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

32. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

34. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

35. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

36. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

37. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

38. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

39. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

9

40. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

41. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

42. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fifth Cause of Action

(Negligent Violation of the TCPA "Call Abandonment"
Prohibition, 47 CFR 64.1200(a)(7))

43. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

44. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(a)(7) Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Call Abandonment" Prohibition, 47 CFR 64.1200(a)(7))

45. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

46. As a result of Defendants' and Defendants' agents knowing and/or willful violations

of 47 CFR 64.1200(a)(7), Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

47. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

48. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

49. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

50. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Ninth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

51. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

52. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR

64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

## Tenth Cause of Action
(Knowing and/or Willful Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

53. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

54. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

## Eleventh Cause of Action
(Negligence)

55. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

56. Defendants and Defendants' agents violated their duty of care to intended recipients of their telephone sales solicitations by, *inter alia*, breaching the statutory prohibitions against call abandonment, robocalling, and maintenance of a do-not-call list and policy. Plaintiff suffered damages due to Company's violation of its duty that caused Plaintiff to answer a telephone call that he otherwise would not have answered, which tied up Plaintiff's telephone line, and wastefully utilized Plaintiff's telephone.

## Twelfth Cause of Action
(Trespass to Chattel)

57. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

58. Defendants and Defendants' agents conduct of telemarketing, robocalling, and Call Abandonment constituted an electronic trespass to Plaintiff's private telephone. This trespass was significant and substantial in duration in that Defendants' trespass illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes. Plaintiff has been damaged in an amount to be determined according to proof at trial.

59. At no time did Plaintiff consent to this trespass.

60. Defendants' trespass was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

### Thirteenth Cause of Action
(Conversion)

61. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

62. Defendants and Defendants' agents conduct of telemarketing, robocalling, and Call Abandonment constituted a conversion of Plaintiff's private telephone. This conversion was significant and substantial in duration in that Defendants' conversion illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes.

63. Plaintiff is therefore entitled to the entire value of his telephone and service, in an amount to be determined according to proof at trial.

64. At no time did Plaintiff consent to this conversion.

65. Defendants' conversion was done with oppression and malice, in that Defendants sent

their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring, and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

### VI.     Prayer for Relief

On Causes of Action 1-10:

1. For awards of $500 for each negligent violation as set forth in actions 1-10;

2. For awards of $1,500 for each knowing/willful violation as set forth in actions 1-10.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: **$31,500** (Four counts each of: sales call to a number on the DNC registry, "robocall", Three counts of call abandonment, and Five counts each of failure to put Plaintiff's number on Defendants' Do-Not-Call list, and failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, with treble damages for each.)

For Causes of Action 11-13:

4. Compensatory, general, incidental, and consequential damages according to proof;

5. Punitive and special damages according to proof;

For All Causes of Action:

6. Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

7. Prejudgment interest at the maximum legal rate;

8. Costs of suit herein incurred; and

9. All such other and further relief as the Court deems proper.

## VII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: **September 14, 2017**

_____/s/_____
Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com